IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DONNA JO HAYNES, } <br> } <br> Plaintiff, } <br> } <br> v. } <br> } <br> CAROLYN W. COLVIN, Acting } <br> Commissioner of Social } <br> Security } <br> } <br> Defendant. } | CIVIL ACTION NO. <br> 2:15-CV-0872-WMA |

**MEMORANDUM OPINION AND ORDER**

Before the court is the Acting Commissioner of Social Security's Unopposed Motion to Remand pursuant to 42 U.S.C. § 1383)(c)(3) and sentence four of 42 U.S.C. § 405(g). (Doc. 12). "While normally courts have inherent power, among other things, to remand cases, see *United States v. Jones*, 336 U.S. 641, 671 (1949), both the structure of § 405(g), as amended, and the accompanying legislative history show Congress' clear intent to limit courts to two kinds of remands in [Social Security] cases." *Melkonyan v. Sullivan*, 501 U.S. 89, 101 (1991).  Therefore, under § 405(g), "remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in sentence six." *Id*. at 101-02.  "To remand under that provision, sentence four [of § 405(g)], the district court must either find that the decision is not supported by substantial

1

evidence, or that the Commissioner (or the ALJ) incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

Acting Commissioner Colvin states remand is necessary to permit further consideration of Haynes' disability claim. Specifically, the Acting Commissioner requests reversal of the administrative decision and remand of the cause to the Commissioner whereby the Appeals Council will instruct the ALJ to:

> (1.) further consider Haynes residual function capacity in light of her subjective complaints and the opinion evidence provided by Dr. Willis  (Doc. 12-1 at 2), and

> (2.) obtain evidence from a vocational expert to clarify the effect of the assessed limitations on Haynes' occupational base (Doc. 12-1 at 3).

Given these unopposed requests, the Court finds reversal and remand necessary as the Acting Commissioner concedes reconsideration and proper application of governing law and further development of the record is appropriate.

Accordingly, the Unopposed Motion to Remand is **GRANTED**, the decision of the Acting Commissioner is **VACATED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and for the reasons set forth above.

DONE this 25th day of January, 2016.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

2